(48 Misc. Rep. 641.)

REMER v. ETTINGER.

(Supreme Court, Appellate Term. November 24, 1905.)

GAMING—OBLIGATION FOR GAMBLING—CONSIDERATION—CHECK.

Where one bought chips in a gambling house and used them in a game of poker, and the proprietor, after settling the account for chips, gave his check, it was given for a gambling debt, within the statute making void every security, the whole or any part of the consideration for which shall be for money won by playing at a game.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Louis Remer against Abraham Ettinger. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Grauer & Rathkopf, for appellant.
Boudin & Liebman, for respondent.

PER CURIAM. Defendant, one Hahn, and others bought chips in a gambling house run by defendant. One Traub, and (as defendant swears, but Hahn denies) Hahn and others entered into a game of poker. The chips represented money. At the conclusion of the game, defendant and Hahn went to Traub, who was acting game keeper, to settle their accounts for chips. Defendant owed $70, and $70 was due to Hahn. Therefore, at the suggestion of some one, apparently Traub, defendant made out his check in favor of Hahn for $70 and delivered the same to Hahn. The latter subsequently deposited the check in his bank, but payment thereof was refused. He subsequently indorsed said check, after such refusal of payment thereof, and delivered the same to plaintiff for the sum, as he swears, of $70. Plaintiff thereupon sued to recover on said check, and the court below gave judgment in favor of plaintiff against defendant as maker of said check.

We think that the uncontradicted testimony shows that the check was given for a gambling debt, and was void from its inception. The statute provides that:

"Every * * * security whatsoever, given or executed by any person where the whole or any part of the consideration of the same shall be for any money * * * won by playing at any game whatsoever, * * * shall be void."

It makes little difference whether the money was given in change for chips or otherwise used in the game. The debt incurred was a gambling debt, and the consideration therefor was utterly void. The plain-

tiff admits that he took the check with full knowledge that payment had been refused, and it is not pretended that he stands in any better position than Hahn would have stood, had he brought the suit himself.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.